⸻⸺Ⓔ⸺⸻

THOMAS ELLENWOOD vs. THOMAS PARKER.

If the plaintiff appeal from a judgement rendered by a justice of the peace to the county court, he will be restricted in his cost to the amount of the damages he may recover, notwithstanding the defendant may have filed a plea in offset before the justice and recovered thereon, and also a declaration on book account in offset in the county court, by means of which the cause is continued until a decision on the account.

But if the defendant remove the cause to the Supreme Court, the plaintiff will be entitled to his cost made there in addition.

Costs ought to be taxed at the term of the county court when judgement is rendered, and the objections, if any, should be made when the hearing is had in the Supreme Court on the exceptions, but if not, and the cause be subsequently continued in court for the purpose of taxing the cost, no additional cost will be allowed after that time.

This was an action on promissory note originally commenced before a justice of the peace. The defendant pleaded a book account in offset, and also set up a defence under the statute of usury. The justice decided that the note was usurious and void, and rendered a judgement for the defendant on his account for $13,99. The plaintiff appealed from that judgement to the county court, where the defendant filed a declaration in offset under the statute. The action on the note was continued from term to term until after there had been a hearing on the account, and a report made by an auditor of a small sum in favor of the defendant. The sum thus recovered by the defendant was then pleaded in offset to the plaintiff's claim, and a judgement was rendered in the action for $11,88 in favor of the plaintiff. The defendant removed the cause, on a bill of exceptions, to the Supreme Court, where the judgement of the county court was affirmed. The cost was taxed by the clerk after the rising of the court, as is usual in cases where no application has been made to the court for that purpose, at $29,68. Execution was issued for the damages and costs, and

I

Franklin,
January,
1830.
_____
Ellenwood
vs.
Parker.
was paid by *Parker.* At the next term, the Court, on motion of the defendant, vacated the taxation of the cost, and referred it to the county court to be there taxed anew. That court allowed the plaintiff only $11,88, a sum equal to the amount of damages which he had recovered. The plaintiff excepted to the decision, and removed the case to this Court for a final hearing.

After argument,

WILLIAMS, J. delivered the opinion of the Court.—The plaintiff contends he is entitled to full costs in this case—That inasmuch as the defendant filed exceptions to the judgement of the county court, and carried the cause to the Supreme Court for a final decision, the statute of 1822, in relation to the taxation of cost, does not apply to the case. He further contends that, because the defendant put in a plea in offset before the justice, and recovered thereon, the appeal was taken from the judgement rendered on the defendant's plea, and, therefore, that the statute aforesaid is not applicable. He further contends, that if he is not entitled to full cost, he must be allowed all the cost arising from filing the declaration in offset, and the cost occasioned by removing the cause to the Supreme Court.

The statute of 1822, c. 40, no. 4, enacts, that in actions commenced before a justice of the peace, for every sum in debt or damages recovered above the sum of one dollar and fifty cents, the plaintiff shall recover no more cost than debt or damages, except cost which may accrue for continuances at the special instance and request of the defendant, or in case the defendant appeals; and that the same rule shall be followed by the county court, where the plaintiff appeals. It is clearly the intention of the act to restrict the cost to be recovered by the plaintiff in every action, where it is pursued by him. The amount of his cost is limited by the amount of his damages in all actions commenced before a justice, except where continuances are obtained by a defendant, or where the defendant appeals. The county court must tax the cost, when the case comes before them on the appeal of the plaintiff, at no greater sum than the amount of the damages, without reference to any future proceedings to be had in the case. The judgement must be rendered both for the damages and costs by the county court. If either party pursue the cause further by bringing a writ of error, or by filing exceptions, and the judgement is affirmed, they may be subject to the cost which may be taxed in the Supreme Court. But the cost which is supposed to

FRANKLIN,
January,
1830.

Ellenwood
vs.
Parker.

have been already taxed by the county court cannot be altered. On this ground the plaintiff cannot be entitled to any further cost in the county court than the amount of his damages.

Neither can the nature of the defence made, or any hardship or inconvenience suffered by a plaintiff in consequence of a judgement having been erroneously rendered against him, and of his having been compelled to appeal in order to obtain his just due, entitle him to a different rule in taxing costs than the one prescribed in the statute. The policy of the statute was to restrict the cost in those cases where a small sum was due to the plaintiff, and it was designed to lay him under this embarrassment, that if he pursued or protracted litigation for a trifling demand, he pursued it at the risk of losing all his cost beyond the amount of his claim. In case of mutual claims which may be pleaded in offset, the just balance is the amount of the demand on either side, and every suit is commenced with a full understanding that this balance is all that can or ought to be recovered, and is the amount of the debt or damages which will limit the amount of the cost. There is no sound reason why a different rule should be made as to taxing cost where the defence is by plea in offset than where any other plea is made. If the plaintiff in this case has suffered any inconvenience or loss, it arises from his not having been able to present his proof before the justice so that judgement might there have been rendered according to the rights of the parties.

The costs sustained by the plaintiff in consequence of the defendant's filing a declaration on book cannot be considered as costs arising from "continuance at the special instance and request of the defendant." Filing a declaration on book, and the proceedings thereon, is the mode directed by the statute to ascertain the amount due on an unliquidated account preparatory to its being pleaded in offset. The original action is stayed until there is a hearing on the declaration on book. There is nothing in the statute which prevents its being tried the first term, or that makes a continuance necessary. If it should occasion a continuance, unless it was at the request of the defendant, the plaintiff would be entitled to no additional cost.

The plaintiff in this case is entitled to recover cost in the county court to the amount of his damages, and no more ; and the decision of the county court in taxing this cost was correct. The plaintiff is also entitled to the cost which arose before the Supreme Court on hearing the exceptions filed by the defendant, to be ad-

FRANKLIN,
January,
1830.

Ellenwood
vs.
Parker.

ded to the cost taxed by the county court, and judgement is to be entered up accordingly. As the cost ought to have been taxed at the term of the county court when the judgement was rendered in the action, and the objections, if any, should have been made, when the hearing was had on the exceptions, at the previous term of this Court, no additional cost will be allowed since that term.

*Read*, for plaintiff.

*Hunt*, for defendant.